UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| ANOUPHONE HOY SABANDITH, ) | | |
| # 253952, ) | | |
| ) | | |
| Petitioner, ) | Case No. 1:04-cv-402 | |
| ) | | |
| v. ) | Honorable Robert Holmes Bell | |
| ) | | |
| DAVID GUNDY, ) | | |
| ) | **MEMORANDUM OPINION** | |
| Respondent. ) | | |
| ) | | |

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. On June 17, 2004, petitioner filed a habeas corpus petition in this court seeking to overturn his state-court convictions of assault with intent to commit murder, MICH. COMP. LAWS § 750.83, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS §750.227b. On October 17, 2005, Magistrate Judge Joseph G. Scoville issued a report and recommendation recommending that the habeas corpus petition be denied. (docket # 33). The matter is now before the court for *de novo* review on petitioner's objections to the report and recommendation. (docket # 34). For the reasons set forth below, petitioner's objections will be overruled, the report and recommendation will be adopted as the court's opinion, and the petition will be denied.

Petitioner argues that there was insufficient evidence to support the jury's verdict finding him guilty of assault with intent to commit murder. The evidence showed that petitioner planned, orchestrated, and was the gunman in a surprise, early morning, gang-related attack. The victim, Camarino "Chocolate" Hiracheta, had been standing in a parking lot of the Traditions

Apartments with a female companion. Two of petitioner's shots from a 9 mm pistol hit Hiracheta, resulting in gunshot wounds through Hiracheta's left ankle and right thigh. A total of approximately six shots were fired. Physical evidence at the crime scene indicated that some of these shots had been fired by petitioner at approximately the level of Hiracheta's head.

Petitioner makes two insubstantial objections concerning the sufficiency of the evidence. Petitioner argues that magistrate judge's analysis is somehow "flawed," by his observation that a bullet wound in the leg can be, and often is, fatal. (docket # 34 at 2). Petitioner also argues that a jury could have found that petitioner only intended to scare the victim, and that Hiracheta may have been injured by a "ricochet bullet." (*Id.* at 2). The magistrate judge's analysis is not "flawed" by the observation that a gunshot wound to a major artery can prove just as fatal as a shot to the head. The observation came in response to petitioner's persistent efforts to downplay the extent of his victim's injuries. The magistrate judge appropriately observed that a reasonable inference the jury could have drawn from the victim's injuries and the other evidence admitted at trial was that petitioner intended to kill Hiracheta. Petitioner's argument that there was evidence from which a jury could have found that petitioner only intended to scare Hiracheta seriously misapprehends the nature of the sufficiency of the evidence review conducted by this court under the AEDPA and *Jackson v. Virginia*, 443 U.S. 307 (1979) standards. The test is not whether petitioner can come up with a post-conviction characterization of his conduct that would make petitioner look less guilty, or how close Hiracheta actually came to losing his life. The standards are whether, viewing the evidence in the light most favorable to the prosecution, a reasonable trier of fact could find that petitioner intended to murder Hiracheta, 443 U.S. at 319, and whether the state-court determination

that there was sufficient evidence to support petitioner's conviction satisfies the deferential AEDPA standards. 28 U.S.C. §2254(d). Both questions must be answered affirmatively on this record.

Petitioner concedes that his Confrontation Clause claim is not exhausted. (docket # 34 at 4). He now requests dismissal of his petition. (*Id.* at 5). The magistrate judge found that sending petitioner back to state court to exhaust the Confrontation Clause claim would be a needless waste of judicial resources. He found that this claim was plainly meritless because it was founded on petitioner's "gross mischaracterization of the record." (Report & Recommendation at 16). Upon review, the court is agreement with the magistrate judge's assessment. The petition will be denied on the merits rather than being dismissed. 28 U.S.C. § 2254(b)(2).

Petitioner reasserts two ineffective assistance of counsel claims. First, he claims that his trial counsel was constitutionally ineffective by not calling Richard Sherman as a witness. (docket # 34 at 5). The Michigan Court of Appeals rejected this argument, finding that, among other things, "Apart from [petitioner's] bald assertion, there is no indication that Richard Sherman would have provided testimony favorable to [petitioner]." (Op. at 6). The magistrate judge found that the state-court decision on this issue "easily passes review under deferential AEDPA standards." (Report & Recommendation at 19). Upon *de novo* review, the court is in complete agreement with the magistrate judge's assessment.

Finally, petitioner claims that his attorney was constitutionally ineffective by failing to request jury instructions on the lesser offense of felonious assault. (docket # 34 at 6). The trial transcript shows that petitioner's jury was instructed on two lesser offenses: (1) the lesser cognate

offense of felonious assault,[1] and (2) the necessarily included lesser offense of assault with intent to do great bodily harm less than murder. (TT IV at 118-22, docket # 24). Petitioner's counsel could not possibly have been constitutionally ineffective in this regard. The jury was instructed on felonious assault. The jury found petitioner guilty of assault with intent to commit murder.

## Conclusion

For the reasons set forth herein, petitioner's objections will be overruled, the magistrate judge's report and recommendation will be adopted as the court's opinion, and the petition for federal habeas corpus relief will be denied.

Date:   November 2, 2005              /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Petitioner refers to felonious assault as being both a "less[e]r included offense" and a "cognate less[e]r" offense. A cognate lesser offense is one that shares some common elements with, and is of the same nature as, the greater offense, but also has elements not found in the charged offense. On the other hand, all elements of a necessarily included lesser offense are contained within those of the greater offense. Thus, with a necessarily included offense, it is impossible to commit the greater without first having committed the lesser. *See People v. Perry*, 594 N.W.2d 477, 480 (Mich. 1999); *People v. Lowery*, 673 N.W.2d 107, 110-11 (Mich. Ct. App. 2003). Felonious assault is a cognate lesser offense of assault with intent to commit murder. Assault with intent to do great bodily harm less than murder is a necessarily included lesser offense of assault with intent to commit murder. *See People v. Vinson*, 287 N.W.2d 274, 275-76 (Mich. Ct. App. 1979); *see also People v. Shea*, No. 251452, 2005 WL 323429, at *2 (Mich. Ct. App. Feb. 10, 2005); *People v. Bryant*, No. 249829, 2004 WL 2881115, at *8 n.4 (Mich. Ct. App. Dec. 14, 2004); *People v. Paletis*, No. 253494, 2004 WL 2050543 (Mich. Ct. App. Sept. 14, 2004).